Mark Mausert
NV Bar No. 2398
729 Evans Avenue
Reno, Nevada 89512
(775) 786-5477
Fax  (775) 786-9658
mark@markmausertlaw.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LESLIE HENDERSON, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| EXP REALTY, LLC, | |
| Defendant. | |

COMES NOW plaintiff, through counsel, who hereby complains of defendant EXP Realty, LLC, (hereinafter "EXP" or "defendant"), via this Complaint and Jury Demand as follows:

<u>Parties, Venue, Jurisdiction and Jury Demand</u>

1. Plaintiff is a woman and is a resident of northern Nevada.  All, or almost all, acts, statements, communications and omissions alleged herein occurred in northern Nevada, i.e., in or about Reno, Nevada.  Plaintiff hereby requests a jury trial relative to all issues so triable. Plaintiff has obtained a Notice of Right to Sue from the Equal Employment Opportunity Commission, dated March 23, 2021,  i.e., plaintiff has exhausted administrative remedies in accord with federal law.   This Complaint and Jury Demand is timely filed in accordance with the Notice of Right to Sue which accompanies this Complaint and Jury Demand and is incorporated herein.

2. Defendant, EXP, is a limited liability company, corporation, partnership or some

other legal entity, which employed plaintiff from approximately January 21, 2018 until June 4, 2020, at which time plaintiff's employment was terminated by defendant.  At all relevant times defendant employed at least fifteen employees for at least twenty weeks per year.  Defendant maintains a business operation in Reno, Nevada, where at plaintiff was previously employed.

       3.  This Court has venue over this action because all, or almost all, acts, communications, statements and omissions alleged herein occurred in northern Nevada; defendant does substantial business in northern Nevada, e.g., it maintains a place of business in Reno, Nevada, at which all, or almost all, acts, statements and omission which form the basis for this lawsuit occurred.  Therefore, this Court has venue pursuant to 42 U.S.C. 2000e-5(f)(3).

       4.  This Court has jurisdiction over this matter as plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, i.e., 42 U.S.C. 2000e, et seq.   Subject matter jurisdiction is invoked pursuant to 28 U.S.C. 1343.  Jurisdiction exists because plaintiff is a woman who alleges she was subject to gender/sexual based harassment and/or intimidation in the workplace.   Plaintiff alleges she was harassed "because of sex", as defined by Title 42 and that she was subject to retaliation, i.e., termination of her employment, in response to her opposition to the gender/sexual harassment.

First Cause of Action

(Religious-Based Harassment/Hostile Work Environment)

       5.  Plaintiff hereby incorporates all of the allegations of paragraphs 1 through 4, inclusive, as well as all other allegations herein.

       6.  Throughout the latter portion of her employment tenure plaintiff was subject to a hostile work environment which a reasonable woman, similarly situated, would have found to be hostile and/or offensive "because of sex", i.e., also because of gender.  Defendant hired, or entered into some business arrangement, e.g., as an independent contractor, with a local attorney, Joey Gilbert, Esq. in September, 2019.  Mr. Gilbert rendered plaintiff's work environment hostile and/or offensive based on plaintiff's gender.  For instance, Mr. Gilbert told plaintiff on a number of occasions he would not take orders from a woman.  Mr. Gilbert angrily referred to plaintiff as a "bitch", and used other pejorative terms as well.  Mr. Gilbert used his

superior size and his well-known martial arts abilities (which he professionally advertises) to intimidate plaintiff, i.e., he used his customary superior physical size and muscle mass, along with his proficiency in the male-dominated sport of boxing to intimidate plaintiff.  Mr. Gilbert also denigrated women in general and, for instance asked plaintiff to hire various women because, for instance, a particular woman had a "nice body".  Mr. Gilbert's gender-based hostility took other, more subtle forms, e.g., he refused to follow the directions of plaintiff – who was responsible for her agent's, i.e., Mr. Gilbert's, conduct.   Mr. Gilbert falsely told persons plaintiff's employment had been terminated and otherwise undertook to interfere with her ability to discharge her work-related duties.  He ran advertisements which did not comply with Nevada law and then angrily confronted plaintiff and physically intimidated her when she attempt to compel compliance with State law.  Mr. Gilbert engaged in myriad forms of retaliatory hostility.  Mr. Gilbert's conduct, including his intimidating conduct, degenerated to the point at which a reasonable woman would have regarded his "mere presence" in the work environment as creating a sexually hostile work environment, i.e., a work environment permeated with sexual and/or gender-based hostility – to the point at which it is actionable per 42 U.S.C. 2000e, et seq.

      7. Plaintiff complained of Mr. Gilbert's sex and gender-based offensive conduct and statements on a number of occasions, but EXP failed to conduct a timely, thorough and fair investigation re plaintiff's complaints.  Furthermore, defendant knew, and should have known of Mr. Gilbert's gender-based hostility and sexual harassment, at least to the point at which it was placed on notice of a duty to inquire.  Defendant knew, and should have known, because of the open and frequent manner Mr. Gilbert indulged in such conduct in the presence of many employees.   EXP failed to implement any curative measures, sufficient to redress past gender/sexual harassment by Mr. Gilbert, as well as sufficient to deter future sexual/gender-based harassment.  Upon information and belief, defendant failed to act, and thereby tacitly ratified Mr. Gilbert's course of sexual/gender-based harassment because he was able to generate a large amount of income for defendant, and/or defendant believed Mr. Gilbert had the potential to generate large amounts of future income.  That is, defendant made a financial or

business decision to preserve what it perceived as a financially lucrative, and potentially financial lucrative, relationship with Mr. Gilbert instead of discharging its obligations pursuant to the policies it promised plaintiff would protect her from sexual harassment, gender-based hostility, retaliatory hostility and/or retaliation.

8. Approximately one week after plaintiff's last complaint of sexual/gender-based harassment, EXP terminated plaintiff's employment. EXP explained to plaintiff her employment was being terminated because she had upset an agent, i.e., Mr. Gilbert.

9. Any diminution and/or deficiency in plaintiff's work performance was directly and proximately caused by harassment and hostility which is actionable per Title VII and prohibited by Title VII. Defendant is therefore estopped from relying on such as a legitimate basis for any employment related decisions, e.g., the decision to allegedly "lay off" plaintiff.

10. As a direct and proximate result of being subject to sexual/gender-based harassment, including retaliatory hostility, plaintiff suffered loss of enjoyment of life, emotional distress and related symptoms and manifestations, anger, loss of enthusiasm for work, and feelings of humiliation and isolation.

11. Plaintiff has been required to incur costs and retain counsel in order to attempt to vindicate her federally protected right to a workplace free of sexual harassment/gender-based hostility.

## Second Cause of Action
### (Retaliation)

12. Plaintiff hereby incorporates the allegations of paragraphs 1 through 11, inclusive, as though the same had been fully set forth herein.

13. Defendant terminated plaintiff's employment because she opposed sexual harassment and gender-based hostility by Mr. Gilbert and/or she refused to forego from opposing Mr. Gilbert's actionable conduct, informally and formally. That is, because plaintiff refused to indulge Mr. Gilbert's sexist, discriminatory and misogynistic statements and orientation, and instead opposed such, defendant terminated plaintiff's employment.

14. As a direct and proximate result of being subject to termination plaintiff suffered

and was injured as described herein.  Further, plaintiff sustained loss of pay and loss of benefits.

WHEREFORE, plaintiff requests the following relief:

1. For an award of compensatory damages;

2. For an award of costs and a reasonable attorney's fee;

3. For an award of economic damages according to proof; and

4. For such other relief, including injunctive relief, as the Court or jury may deem appropriate, e.g., for an injunction to compel defendant to enforce the policies against sexual/gender harassment, retaliatory harassment, and retaliation which it claims to enforce.

DATED this 18th day of June, 2021.

      /s/ Mark Mausert
Mark Mausert
NV Bar No. 2398
729 Evans Avenue
Reno, NV 89512
TELEPHONE:(775) 786-5477
FACSIMILE: (775) 786-9658
*Attorney for Plaintiff*

**INDEX OF EXHIBITS**

Issued Notice of Right to Sue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit One