JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
HILARY A. WILLIAMS, ESQ.
Nevada Bar No. 14645
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
E-Mail: joshua.sliker@jacksonlewis.com
E-Mail: hilary.williams@jacksonlewis.com

*Attorneys for Defendant*
*eXp Realty, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LESLIE HENDERSON,<br><br>    Plaintiff,<br><br>vs.<br><br>EXP REALTY, LLC,<br><br>    Defendant. | Case No.: 3:21-cv-00275-MMD-CSD<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant eXp Realty, LLC ("Defendant" or "eXp"), and Plaintiff Leslie Henderson ("Plaintiff"), by and through their respective counsel of record, hereby stipulate and agree that the handling of trade secrets and confidential material in these proceedings shall be governed by the provisions set forth below.

**I.   APPLICATION**

This Protective Order shall govern the designation and handling of "Confidential Information" and "Attorneys' Eyes Only Information" (defined below) produced in this litigation, whether by voluntary production or disclosure or in response to any formal discovery procedure, including designation and handling of nonpublic information of a confidential nature. This Protective Order does not affect any party's obligations under the Federal Rules of Civil Procedure to produce documents as required by the rules of discovery or an order of the Court. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential,

JACKSON LEWIS P.C.
LAS VEGAS

1

private, or proprietary nature. The mere filing of material containing "Confidential" or "Attorneys' Eyes Only" by the non-designating party does not remove the material from the protection of this Protective Order.

## II. **DEFINITIONS**

A. "**Confidential Information**" means: personal information of current or former employees of the parties (such as non-business addresses, telephone numbers, birth dates, marital status, dependent status and/or discipline or counseling); financial information, including, but not limited to, payroll records, tax returns, financial statements, banking records, and electronic data containing financial information and/or compensation or pay plans or scales; confidential proprietary and/or competitive business information; trade secrets; witness statements and/or investigation reports; performance projections; business strategies; and confidential proprietary information about affiliates, parents, subsidiaries and third-parties with whom the parties to this action have or have had business relationships. "Confidential Information" includes, without limitation, any document, information, or material that the producing party or protected person reasonably believes not to be in the public domain and reasonably believes contains information to which an individual or company has an established and legitimate right to privacy, confidentiality or privilege.

B. "**Attorneys' Eyes Only Information**" is a subset of Confidential Information that contains highly sensitive, proprietary, or trade secret information, the disclosure of which would create a substantial risk of harm that could not be avoided by less restrictive means, including, but not limited to medical records and healthcare information pertaining to any current or former employee of the parties; personnel documents that contain personal identification information such as social security numbers, financial information and/or rates of pay; information about prior, existing, and potential customers. All references herein to "Confidential" information include "Attorneys' Eyes Only," except where the permissible disclosure or dissemination of "Attorneys' Eyes Only" information is more limited than permissible disclosure or dissemination of "Confidential" information.

**C.** **"Disclosed"** is used in its broadest sense and includes, *inter alia*, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

**D.** **"Discovery Material(s)"** means any documents, electronically stored information, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or written information, whether produced voluntarily or involuntarily, in response to discovery requests in this litigation by any party.

**E.** **"Document"** is defined as the term is used in Federal Rule of Civil Procedure 34.

### III.   TYPES OF MATERIALS THAT MAY BE DESIGNATED AS CONFIDENTIAL

Any Discovery Material or other documents, information, or materials may be designated by a producing party as Confidential under this Order. The assertion of this designation of "Confidential" shall constitute a representation to the Court that counsel for the producing party or protected person believes in good faith that the material so designated constitutes Confidential Information as defined in this Order. Except with the prior written consent of the producing party or by the Court's order or as otherwise compelled by force of law, no Discovery Materials or other documents, information, or materials stamped "Confidential" or "Attorneys' Eyes Only" may be disclosed to or used by any person except as permitted in Section V below.

### IV.   DESIGNATION OF DISCOVERY MATERIALS AS CONFIDENTIAL

**A.** **Marking Protected Documents:** Protected documents shall be designated as containing Confidential Information by affixing to them the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in all caps, at least 10-point bold font, in a location that makes the designation readily apparent, preferably in the lower left-hand corner. The fact that a document is stamped "Confidential" or "Attorneys' Eyes Only" by one party shall not be construed as an admission by any other party that such document is Confidential Information, nor shall it limit or preclude the right of any party to object to the designation and to file any appropriate motion(s) to

determine the propriety of such designation. If the producing party inadvertently fails to stamp or otherwise appropriately designate or list certain documents, material, or information as "Confidential" or "Attorneys' Eyes Only" upon their production or disclosure, such inadvertent failure to designate shall not constitute nor be deemed a waiver of a subsequent claim of protected treatment under this Order.

**B.    Designating Testimony**. Any party may designate testimony as "Confidential Information" by making a statement to that effect on the record at the deposition or other proceeding or within ten (10) days after receipt of the transcript of deposition or other proceeding by counsel. When Confidential Information is designated on the record at a deposition or other proceeding, the party claiming the testimony is Confidential Information shall make arrangements with the court reporter taking and transcribing such proceeding to label each page containing the testimony with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and all counsel and parties shall treat pages of testimony so designated as a protected document and the testimony itself as Confidential Information.

**C.    Subsequent Designation.** If a party discovers that material or documents containing Confidential Information have been provided to the opposing party without being properly designated under this Protective Order, that party shall promptly notify the receiving party in writing of the same. The notification shall include an identification of the documents or information (by bates stamp number or some other specific form of identification), and the receiving party shall affix a stamp identifying each document or item of information so identified as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" within ten (10) days unless the parties agree that some other procedure for remedying the inadvertence is more appropriate under the circumstances.

**V.    PERMISSIBLE USE OF "CONFIDENTIAL" INFORMATION, DOCUMENTS, OR MATERIALS**

**A.    Limited Use**. All persons receiving or otherwise having access to Discovery Materials or other documents, information, or materials stamped "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order shall not reveal or discuss such information to or with any person, except as set forth herein. All Confidential Information produced or exchanged

pursuant to this Protective Order shall be used by the party(ies) or person(s) to whom the information is produced solely for the purpose of this case, through and including appeal(s), if any, and not for any other purpose, including, but not limited to, personal, business, commercial, governmental, administrative, alternative dispute resolution or judicial proceedings, unless compelled by court order or force of law.

If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Information to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose material was inadvertently disclosed. If a party has actual knowledge that Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed. No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

If any person receiving information covered by this Protective Order is: (a) subpoenaed in another action or proceeding; (b) served with a request or demand in another action to which he, she, or it is a party; or (c) served with any other legal process by one not a party to this action, seeking information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Order, the subpoenaed party shall promptly give written notice, by hand or facsimile transmission, within forty-eight (48) hours of receipt of such subpoena, request, demand, or legal process to the party that produced or designated the material as "Confidential" or "Attorneys' Eyes Only." The subpoenaed party or anyone else subject to this Order shall be under no obligation to take any other action or measures to preserve the confidentiality of any such information in connection with such subpoena, request, demand, or legal process. Nothing herein shall be construed as requiring the subpoenaed party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information, to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from the Court.

**B.      Disclosure of Protected Material.** Notwithstanding Section V.A. above, access to documents stamped "Confidential" shall be limited to the following individuals:

1. <u>Counsel</u>: Counsel for the respective parties to this Protective Order, including in-house counsel and counsel's Support Staff (*i.e.*, paralegals, administrative assistants, and those involved in administration functions), but only to the extent that disclosure to such person(s) is necessary in order for them to assist attorneys in connection with this matter;

2. <u>Professional Vendors</u>: Persons or entities, and their employees, that provide litigation support services (e.g., copy services, translation services, document preparation, trial graphics, and tutorials, and organizing, storing or retrieving data), but only to the extent that disclosure to such vendors is necessary in order for them to assist attorneys in connection with this matter, and provided that such vendors have been made aware of the provisions of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A before being shown or given any Confidential Information;

3. <u>Court Reporters</u>: Court reporters taking testimony and their support personnel;

4. <u>The Parties</u>: Except as provided below in Section V.C., the parties to this Protective Order, including the officers, directors, agents and employees of a corporate Party, to the extent counsel for such party reasonably deems it necessary for the prosecution or defense of this proceeding;

5. <u>The Court</u>: The Court and its support personnel, who shall maintain confidentiality consistent with FRCP 26(c);

6. <u>Witnesses</u>: deposition or other witnesses as necessary in this litigation, provided that such persons have been made aware of the provisions of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A before being shown or given any Confidential Information, and provided further that disclosure is limited to Confidential Information about which the witness is or is likely to be examined at a deposition or other proceeding;

7. <u>Consultants and Experts</u>: Independent consultants or experts retained by counsel or a party for assistance with respect to this case, together with each such person's clerical and Support Staff, provided that such consultants and/or experts have been made aware of the

1  provisions of this Protective Order and have manifested their assent to be bound thereby by signing
2  a copy of the agreement attached hereto as Exhibit A before being shown or given any Confidential
3  Information, and provided further that if the party chooses a consultant or expert who is currently
4  or was at any time in the last five (5) years employed by or otherwise affiliated with Plaintiff or one
5  of its competitors, the party shall notify the opposing party before disclosing any Confidential
6  Information to that individual and shall give the opposing party an opportunity to move for a
7  protective order preventing or limiting such disclosure;

8.  The persons who are identified as authors or addressees on the face of a document containing Confidential Information, or have been shown by either testimony or documentary evidence to have been recipients or readers of the Confidential Information prior to the commencement of the underlying lawsuit, provided that such persons have been made aware of the provisions of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A before being shown or given any Confidential Information;

9.  The videographer who videotapes Confidential Information at a deposition in this litigation;

10. Any court, mediator or discovery referee in this litigation, and employees and similar personnel of said court, mediator or discovery referee;

11. Any other individuals agreed to in writing by the designating party; and

12. Others as may be ordered by the Court.

**C.    "Attorneys' Eyes Only."** The disclosure of "Attorneys' Eyes Only" Information is limited in the same ways as set forth above for Confidential Information except that, with respect to Parties under Section V.B.4, "Attorneys' Eyes Only" Information may not be disclosed to anyone except Defendants Peters and Perez, one collective representative for the remaining Defendants, and a representative of Plaintiff. Such persons are only permitted to review "Attorneys' Eyes Only" information produced by another party, provided they agree, in advance, not to use, retain, or make copies or summaries (including, but not limited to, photographs or videos) of "Attorneys' Eyes Only" information after their review. Except as provided in this paragraph, "Attorneys' Eyes Only"

information may not be disclosed or provided without prior written consent by the designating party under circumstances allowing the designating party to obtain adequate protection with respect to the "Attorneys' Eyes Only" Information either by agreement or by application to the Court. Further, any person who receives copies of "Attorneys' Eyes Only" Information or to whom "Attorneys' Eyes Only" Information is disclosed pursuant to this Stipulated Protective Order shall be advised that the "Attorney's Eyes Only" information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the "Attorney's Eyes Only" information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper.

      **D.**      **Disputes as to Confidentiality Designation:**

            1.      **Meet and Confer Requirement:** The parties agree to designate information as "Confidential" and/or "Attorneys' Eyes Only" on a good faith basis and not for purposes of obstructing the receiving party's access to information concerning the lawsuit. If any party believes that a document, tangible item, or other information that has been designated as "Confidential" or "Attorneys' Eyes Only" is not entitled to be treated as such, the party will notify the designating party of its objection to the "Confidential" or "Attorneys' Eyes Only" designation. The parties shall meet and confer in an attempt to reach an agreement regarding the confidential status of the document, tangible item or information within seven (7) days after the objecting party has advised the designating party of its objection.

            2.      **Motion for Protective Order:** If the dispute is not resolved, then the objecting party may file a motion challenging whether any particular material designated as containing Confidential Information should be entitled confidential treatment. The party designating particular information as confidential under the protective order shall have the burden of proving that the information or document is entitled to such protection.

            3.      **Status Pending Resolution of Dispute:** Notwithstanding any challenge to the designation of material as containing Confidential Information, the material shall be treated as Confidential and shall be subject to the provisions hereof unless and until one of the following occurs: (i) all parties that claim that the material contains Confidential Information withdraw such

designation in writing; or (ii) the Court rules that the material does not contain Confidential Information.

      **E.**     **Rights of Parties:** This Protective Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to any Confidential Information or for an order permitting disclosure of any Confidential Information beyond the terms of this Protective Order.

### VI.     MISCELLANEOUS

      A.     All provisions of this Protective Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this case, unless otherwise agreed or ordered. Upon conclusion of the case, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this case to counsel for the party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing that the documents have been destroyed.

      B.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Stipulated Protective Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

C. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. This Order, however, shall not be modified absent an order of the Court or the written agreement of all the Parties hereto.

DATED this 2nd day of March, 2022.

| JACKSON LEWIS P.C. | MARK MAUSERT LAW |
|---|---|
| /s/ Joshua A. Sliker | /s/ Mark Mausert |
| JOSHUA A. SLIKER, ESQ. | MARK MAUSERT, ESQ. |
| Nevada Bar No. 12493 | Nevada Bar No. 2398 |
| HILARY A. WILLIAMS, ESQ. | SEAN MCDOWELL, ESQ. |
| Nevada Bar No. 14645 | Nevada Bar No. 15962 |
| 300 S. Fourth Street, Suite 900 | 729 Evans Avenue |
| Las Vegas, Nevada 89101 | Reno, Nevada 89512 |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |
| *eXp Realty, LLC* | *Leslie Henderson* |

**ORDER**

IT IS SO ORDERD.

March 3, 2022  
Dated    Hon. Craig S. Denney  
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT
## TO MAINTAIN CONFIDENTIALITY

I, _____, understand that one of the Parties in this litigation (*Leslie Henderson v. eXp Realty, LLC*, Case No. 3:21-cv-00275-MMD-WGC, U.S. District Court, District of Nevada) desires to disclose to me certain documents, information, and/or materials that has been designated as "Confidential" or "Attorneys' Eyes Only" in nature. I have read and I understand the Stipulated Protective Order to which this Acknowledgment and Agreement is attached. I understand and acknowledge that the Stipulated Protective Order governs my use of the Confidential Information and I agree to be bound by the terms of the Stipulated Protective Order. I agree that I will not disclose any Confidential Information or other documents, information, and/or materials designated as "Confidential" or "Attorneys' Eyes Only" (including any copies, summaries, extracts or notes of any such information) to any individual, agency or entity, except those persons to whom disclosure is permitted under this Stipulated Protective Order. I further agree and hereby submit myself to the personal jurisdiction of the U.S. District Court, District of Nevada with respect to any proceedings for enforcement of, or sanctions in connection with my use of Confidential Information under this Stipulated Protective Order.

_____     _____
Date                                                                   Signature

_____
Type or Print Name

_____
Organization (if applicable)

_____
Title (if applicable)